# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### TALLAHASSEE DIVISION

SAUNDRA WYCHE,

    **Plaintiff,**

v.                      **CASE NO.:  4:22-cv-200**

 TRUIST BANK,

    **Defendant.**

_____/

## DEFENDANT'S NOTICE OF REMOVAL

Truist Bank ("Defendant"), by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, hereby gives notice of the removal of this action to this Court from the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida.  Removal of this action is based upon the following:

### I.    STATE COURT ACTION AND ALLEGATIONS

1.    On February 25, 2022, Plaintiff Saundra Wyche ("Plaintiff") instituted an action by filing a one-count Complaint ("Complaint") against Defendant in the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida, styled as *Saundra Wyche v. Truist Bank*, designated as Case No. 2022-CA-00322 (the "State Court Action").  Plaintiff's Complaint purports to assert claims for unlawful racial discrimination in violation of 42 U.S.C. § 1981, invoking federal jurisdiction

under 28 U.S.C. § 1331 and civil rights jurisdiction under 28 U.S.C. § 1343, as delineated in the Complaint.

## II. GROUNDS FOR REMOVAL – FEDERAL QUESTION AND SATISFACTION OF PROCEDURAL REQUIREMENTS

2. The State Court Action is removable to this Court, and this Court has original jurisdiction over the State Court Action, as the sole count of the Complaint presents a federal question, invoking the Court's original jurisdiction.

## A. Federal Question Jurisdiction

3. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court, of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending" 28 U.S.C. § 1441(a).

4. Pursuant to 28 U.S.C. § 1331, "The district courts shall have original jurisdiction [over] all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* at § 1331.

5. A civil action arises under the laws of the United States when a federal cause of action is properly pled and clearly appears on the face of the complaint. Specifically, the complaint must assert "a right or immunity created by the Constitution or laws of the United States …[as] an element, and an essential one…" *Gully v. First Nat'l Bank,* 299 U.S. 109, 112 (1936); *see also Caterpillar Inc. v.*

*Williams*, 482 U.S. 386, 392 (1987); *Taylor v. Anderson*, 234 U.S. 74, 75–76 (1914) ("[W]hether a case is one arising under the Constitution or a law or treaty of the United States, in the sense of the jurisdictional statute… must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose.").

6.      The federal claim(s) in the complaint must also be substantial and central to the action. A federal court lacks federal question jurisdiction if the claim is "so insubstantial, implausible, foreclosed by prior decisions of th[e] [c]ourt, or otherwise completely devoid of merit as to not involve a federal controversy." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (quoting *Oneida Indian Nation of N.Y. v. Cnty. of Oneida*, 414 U.S. 661, 666 (1974)).

7.      In the State Court Action, Wyche seeks affirmative relief through one count of unlawful racial discrimination in violation of 42 U.S.C. § 1981, invoking federal jurisdiction under 28 U.S.C. § 1331 and civil rights jurisdiction under 28 U.S.C. § 1343. The sole racial discrimination count is a federal cause of action falling squarely under federal statutory and constitutional law. As such, this Court has federal question jurisdiction over the federal one-count complaint asserting racial discrimination.

**B.      Removal is Proper**

8.      Because the prerequisites for removal are met, this State Court Action is properly removable to this Court.

**C.      Venue is Proper**

9.      Venue is proper in this Court because the action is being removed from the Second Judicial Circuit Court, in and for Leon County, Florida, which lies within the Tallahassee Division of the United States District Court for the Northern District of Florida. *See* 28 U.S.C. §§ 89(b), 1441(a); N.D. Fla. Loc. R. 3.1(A)(3) and (B). The District and Division embracing the place where such action is pending is therefore the United States District Court for the Northern District of Florida, Tallahassee Division. *Id.*

**D.      Timeliness of Removal**

10.     On April 26, 2022, a Summons and a copy of Plaintiff's Complaint were served upon Defendant through its registered agent. Accordingly, this Notice of Removal is timely because it is filed within 30 days of Defendant's receipt of the Complaint as required by 28 U.S.C. § 1446(b).

11.     In accordance with 28 U.S.C. § 1446(a), true and correct copies of all process and Complaint on file in the State Court Action are attached hereto as Exhibit A.

**E.     Satisfaction of Notice**

12.     In accordance with 28 U.S.C. § 1446(d), Defendant will promptly provide written notice to Plaintiff of the removal in this action and will promptly file a copy of this Notice of Removal in the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida.

13.     The required filing fee of $402.00 and an executed civil cover sheet accompany this Notice.

### III.     CONCLUSION

Having fulfilled all statutory requirements, Defendant removes this action to this Court from the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida, and requests that this Court assume full jurisdiction over this matter as provided by law.

Dated this 24th day of May 2022.

Respectfully submitted,

By:     */s/ Markenzy Lapointe*
        Markenzy Lapointe, Esq.
        Florida Bar No. 172601
        PILLSBURY WINTHROP SHAW
        PITTMAN LLP
        600 Brickell Avenue, Suite 3100
        Miami, Florida  33131
        Telephone: 786-913-4900
        Markenzy.lapointe@pillsburylaw.com
        Soraya.garcia@pillsburylaw.com

        *Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 24, 2022, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send transmissions of Notices of Electronic Filing on all Counsel of Record; and via e-mail upon Plaintiff's counsel, Marie A. Mattox, Esq., Marie A. Mattox, P.A., 203 North Gadsden Street, Tallahassee, Florida 32301 (*marie@mattoxlaw.com; marlene@mattoxlaw.com; michelle@mattoxlaw.com*).

/s/ *Markenzy Lapointe*
Markenzy Lapointe, Esq.
Florida Bar No. 172601